EDWARD G. ASAY

*v.*

MARSHALL J. ALLEN *et al.*

*Filed at Ottawa May 9, 1888.*

1. ASSIGNEE OF INSOLVENT DEBTOR—*failure to account—remedy in chancery.* Where the assignee of an insolvent debtor fails to make any dividend, or to render any account to the creditors of his acts and doings, or make settlement, the creditors may compel a settlement by bill in chancery.

2. SAME—*duty to keep an account—evidence to show the state of his account.* It is the duty of the assignee of an insolvent to keep an account of all moneys received and disbursed by him under the deed of assignment. If he fails to do so, and mixes the trust funds with his own, he will have no right to object to any other proper evidence as to the state of his account.

3. So on bill by a creditor of an insolvent firm, against the assignee, when the assignee has kept no books of account of the estate and fails to render an account, his sworn answer filed in another case in which he was a party, is proper evidence against him to show the total liabilities of the insolvent firm entitled to a distributive share of the assets in his hands, and a certified copy of his report, as trustee of the firm, made to the proper court, is competent and proper evidence to show the amount of money received by him.

4. SAME—*interest, with annual rests.* Where the assignee of an insolvent, or other trustee, mixes the trust funds with his own, neglects to settle his accounts, and when called upon by bill in equity to render an account, fails to render any satisfactory account or show what disposition he has made of the trust fund, a decree requiring him to pay interest on the sum due the complainants, and allowing annual rests in the computation of interest, is proper.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. W. C. ASAY, for the appellant:

Where no demand for payment has been made, interest begins to run only from the time of suit brought. *Knapp* v. *Marshall,* 56 Ill. 362; *Stephens* v. *Wheeler,* 43 id. 123.

If a trustee retains balances in his hand he ought to have invested, or if he mingles the money with his own, or neglects to settle his account for a long time, etc., he will be required to pay simple interest at the rate established by law. Perry on Trusts, sec. 468; *King* v. *Talbot,* 40 N. Y. 86; *Duffy* v. *Duncan,* 35 id. 187; *Young* v. *Brush,* 38 Ill. 294; *Nelson* v. *Hagerstown Bank,* 27 Md. 53; *Cook* v. *Addison,* L. R. 466; *Owen* v. *Peebles,* 42 Ala. 338; *Wistav's Appeal,* 54 Pa. St. 60; *Beverleys* v. *Miller,* 6 Munf. 99; *Munford* v. *Murray,* 6 Johns. Ch. 1; *Diffenderffer* v. *Winder,* 3 G. & J. 341; *Jacot* v. *Emmet,* 11 Paige, 142; *Keller* v. *Rathburn,* 4 id. 102; *De Peyster* v. *Clarkson,* 2 Wend. 77; *Garniss* v. *Gardner,* 1 Edw. Ch. 128; *Spear* v. *Tinkham,* 2 Barb. Ch. 211; *Manning* v. *Manning,* 1 Johns. Ch. 527; *Brown* v. *Rickett,* 4 id. 303; *Williamson* v. *Williamson,* 6 Paige, 298; *Dunscomb* v. *Dunscomb,* 1 Johns.

Ch. 508; *Minuse* v. *Cox,* 5 id. 448; *Cogswell* v. *Cogswell,* 2 Edw. Ch. 231; *Gray* v. *Thompson,* 1 Johns. Ch. 82; *Armstrong* v. *Miller,* 6 Hamm. 118; *Aster's Estate,* 5 Whart. 228; *Merrick's Estate,* 2 Ash. 285; *Worrell's Appeal,* 23 Pa. St. 44; *Graves' Appeal,* 50 id. 189; *Hess' Estate,* 69 id. 454; *Peyton* v. *Smith,* 2 Dev. & Bat. Eq. 325; *Jameson* v. *Shelly,* 2 Humph. 198; *Dyott's Estate,* 2 W. & S. 655; *In re Thorp,* Davies, 290; *Carr* v. *Laird,* 27 Miss. 544; *Lomax* v. *Pendleton,* 3 Call. 538; *Handy* v. *Snodgrass,* 9 Leigh, 484; *Dillard* v. *Tomlinson,* 1 Munf. 183; *Carter* v. *Cutting,* 5 id. 223; *Wood* v. *Garnett,* 6 Leigh, 271; *Miller* v. *Beverleys,* 4 Hemm. & M. 415; *Chase* v. *Lockerman,* 11 G. & J. 185; *Ringgold* v. *Ringgold,* 1 H. & G. 11; *Arthur* v. *Marster,* 1 Harp. Eq. 47; *Rowland* v. *Best,* 2 McCord's Ch. 317; *Lyles* v. *Hattan,* 6 G. & J. 122; *Griswold* v. *Chandler,* 5 N. H. 497; *Lund* v. *Lund,* 41 id. 355; *Turner* v. *Williams,* 7 Yerg. 172; *Williams* v. *Powell,* 16 Jur. 393; *Domford* v. *Domford,* 12 Ves. 127; *Knowlton* v. *Bradley,* 17 N. H. 458; *Wright* v. *Wright,* 2 McCord's Ch. 185.

There may be an exception to the rule that a deposit of the trust money in bank in the name of the trustee, or a mixing of the trust funds with his own, will impose a liability of legal interest. There must be some element of a breach of trust in the transaction, or a breach of duty. *McKnight* v. *Walsh,* 23 N. J. Eq. 136; *Rapalje* v. *Hall,* 1 Sandf. Ch. 339.

If, therefore, the sums are small, and the trustee receives no credit or profit from the act, or if the act was beneficial to the *cestui que trust,* legal interest will not be imposed upon the trustee. *Rapalje* v. *Hall,* 1 Sandf. Ch. 399; *Graves' Appeal,* 50 Pa. St. 189; *Bond* v. *Abbott,* 42 Ala. 499.

Mr. L. S. HODGES, for the appellees:

No claim of expenses was made in the pleadings or in the proofs. The assignee must show, by a preponderance of evidence, that he has executed the trust, and must render an account of his expenses. *Jenkins* v. *Doolittle,* 69 Ill. 415.

The deed of assignment does not provide for compensation, and without such provision none can be allowed, even if any evidence had been given on the matter in the court below. *Constant* v. *Matteson,* 22 Ill. 546; *Hough* v. *Harvey,* 71 id. 72; *Huggins* v. *Rider,* 77 id. 360.

As to the propriety of the decree for interest with annual rests, see *Barney* v. *Saunders,* 16 How. 535; Perry on Trusts, sec. 821; *Ogden* v. *Larrabee,* 57 Ill. 389; *Jenkins* v. *Doolittle,* 69 id. 415; *Cool* v. *Jackman,* 13 Bradw. 560.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by appellees, in the circuit court of Cook county, against Edward G. Asay, to require an accounting of property which passed into his hands as assignee of the firm of Gage & Rice, who had made an assignment for the benefit of creditors. It is alleged in the bill that on the 2d day of March, 1874, Gage & Rice owed the complainants $34,341.97; that being so indebted, they, on the 29th day of December, 1874, executed and delivered to the defendant a general assignment of all their property, for the benefit of all their creditors; that Edward G. Asay accepted the trust, and acquired possession of all the property and effects of the assignors, from which he realized a sum exceeding $20,000. It is also alleged that the complainants have applied to the assignee for a statement of the trust, and for such dividends as they may be entitled to receive, but have been unable to obtain either. The bill prays for discovery, accounting, and payment of such sum as they may be entitled to receive under the assignment. The defendant put in an answer to the bill, in which he admits the execution and delivery of the assignment, in December, 1874; alleges a contract for fees, and payment of the same out of certain moneys, before the same were transferred to him as assignee. The defendant, in his answer, also avers that there came into his hands, as assignee, the

sum of $11,197.27, and no more; that claims were made and allowed against said fund, amounting to $602,000; that a dividend of one and five-eighths per cent was allowed and paid over to creditors; that complainants were notified of these facts, but refused to accept such dividend.; denies that he has ever refused to show complainants a statement of the affairs of said trust, or any other papers in his possession; avers that he frequently offered to pay to complainants their dividend; that the reason he could not give complainants a fuller statement of the affairs of the trust, is because one Parker, in whose custody the books and accounts were kept, is dead, and the whereabouts of the same is unknown to defendant, although he has made frequent and diligent search for the same. The complainants filed a replication to the answer, and on the hearing the court found, from the evidence, that complainants' debt amounted to the sum of $33,776.50; that the debts against the firm of Gage & Rice amounted to the sum of $430,000; that the defendant, as assignee, had received the sum of $19,-365.72; that complainants were entitled to a dividend of four and a half per cent within six months after the date of the assignment. The court therefore decreed that the defendant pay to the complainants, within ten days of the entry of this decree, the principal sum of $1519.94, the same being four and a half per cent of their demand against Gage & Rice, together with interest to be computed thereon from and after six months after the date of said assignment, to-wit, from June 29, 1875, with annual rests, from and after two years from the date of said assignment, to-wit, from December 29, 1876, amounting to the sum of $2850.19 for principal and interest.

Neither party seems to be satisfied with the decree, the defendant claiming that the amount allowed the complainants in the bill was too much, and the complainants have assigned cross-errors, under which they claim that the amount decreed is not enough. The defendant never rendered to the creditors any statement of account in regard to his doings as assignee,

and it is plain that complainants, as creditors, had a clear right to compel a settlement, by bill, and the only question to be determined is, whether the decree is in all respects correct, under the evidence. There is no dispute in regard to the amount of complainants' debt against Gage & Rice. If the amount of debts existing against Gage & Rice in favor of all their creditors, as found by the court, is correct, and if the amount of money received by the assignee, as found in the decree, is correct, then it is plain that the amount decreed complainants is right.

For the purpose of proving the amount of the debts held by the various creditors against Gage & Rice, the complainants put in evidence an answer of the defendant, E. G. Asay, filed on the 23d day of February, 1877, in a cause in equity pending in the Superior Court of Cook county, wherein the First National Bank of Sioux City, and others, were complainants, and E. G. Asay and others were defendants, in which he stated "that the total amount of the liabilities of the said firm of Gage & Rice entitled to a dividend or distributive share of the assets in this defendant's hands, as said assignee of said firm, amounts to the sum of about $430,000." The answer was signed by E. G. Asay in person, and also sworn to by him before a proper officer. There was other evidence before the court in regard to the amount of debts, but we think this the most reliable proof contained in the record, and, under this evidence, we think the court was fully warranted in arriving at the conclusion that the debts amounted to the sum of $430,000.

For the purpose of establishing the amount of money which had been received by the assignee, the complainants put in evidence a certified copy of a report of E. G. Asay, trustee of Gage & Rice, made to the District Court of the United States for the Eastern District of Pennsylvania, in the matter of John A. Rice, bankrupt, which contained the following: "1875. January 28.—Total amount of cash received after deduction of November and December bills, which were a lien upon the

proceeds of sale, $19,365.72." This report was prepared soon after the assignment was made, when the transactions were fresh in the mind of the assignee, and when he was not liable to be mistaken, and we regard the evidence entitled to much weight on the point involved. There was other evidence introduced, but the court thought, doubtless, this was the most reliable, and found the amount that passed into the hands of the assignee as stated in the report, and we regard this finding as correct, it being fully warranted by the evidence. The complainants ought not to find fault with these findings, as they were based upon evidence they introduced.

As to the defendant,—the assignee,—we do not think he has any just ground to complain. If he had kept a regular account of all moneys received and disbursed under the deed of assignment, as it was his duty to do, it would have been an easy task, on the hearing, for him to have established, beyond controversy, the true condition of the estate. But no book containing any account of his transactions was produced; no bank-book showing the deposit of money, as assignee, was shown; no checks showing the payment of money were produced; no receipts were brought in,—nothing whatever in the shape of documentary evidence came from the defendant to aid the court in determining the true condition of the estate. In connection with this, the defendant admitted, in his evidence, that within six months from the date of the assignment he mixed the trust funds with his own.

It is also urged that the court erred in requiring the defendant to pay interest on the amount decreed complainants, and in allowing annual rests in computing interest. It may be difficult to lay down a general rule which would mete out exact justice in all cases where a trustee has used the trust funds in his own business, or failed to account in proper time. Here it is apparent that the trustee mixed the trust funds with his own money, deposited it in bank in his own name, neglected to settle his account, and when called upon in a court of equity

to render an account, he failed to render any satisfactory account, or state what disposition had been made of the trust funds. In Perry on Trusts, section 471, the author lays down the following rule : "The burden is on the trustee to show that he made no profits or received no benefits from the money, and if he refuses to account, or show the amount of profits received, the court will give compound interest, in order that it may be certain that the *cestui que trust* gets the profits of the trade or business in which the trustee has employed the money." This is in harmony with the decision of this court in *Ogden* v. *Larrabee,* 57 Ill. 398, where it is said : "The rule seems to be, that in all cases where the trustee has used the trust fund, and the court can see, from the evidence, that the trustee has realized large gains and profits to himself, and has failed to keep any exact account of the same, or has refused to render an account to the beneficiary, the law will require him, in order that complete justice may be done, to account for the original fund so used, with interest, computed with annual rests." It was the duty of the trustee to convert the property assigned to him into money, and without delay distribute such money among the creditors. Had this course been pursued, the complainants would have realized their share of the trust funds years ago ; but owing to the failure of the assignee to discharge his duty in this regard, complainants have been deprived of the use of money justly belonging to them, and this money has been used by the trustee in his own affairs. Under such circumstances justice demands that he should pay interest with annual rests, as provided in the decree.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*